## IN RE DISBARMENT OF W. J. RASMUSSEN.[1]

August 9, 1935.

No. 29,808.

*Oscar G. Haugland* and *Charles E. Houston,* for State Board of Law Examiners.

*W. J. Rasmussen, pro se.*

PER CURIAM.

In 1909 respondent was admitted to practice law in the state of Minnesota and has acted as attorney since that time. Complaints of misconduct caused the board of law examiners to file charges against him, and the Honorable Carroll A. Nye, a judge of the district court, was appointed as referee to take the evidence and report findings thereon. Upon the evidence taken the referee made findings substantially as charged. The charges against respondent are that in two instances he appropriated to his own use moneys in his possession belonging to clients. He admits the misappropriations.

1. In September, 1932, a Chicago collection firm sent a claim to respondent for collection, upon an agreed fee. He succeeded during the following months of October and November in collecting the full amount of the claim. He failed promptly to report that fact to the forwarder and failed to answer several letters written in regard thereto until December 16, 1932, at which time he wrote

[1]Reported in 262 N. W. 258.

the Chicago firm a letter but did not give any definite information. Subsequent to that time five letters from the forwarder remained unanswered. On March 9, 1933, the respondent for the first time reported that he had collected $25, but he did not then remit. Sometime later he sent a telegram advising that a remittance was being mailed by him. It was not sent, nor had he done so at the time of the hearing.

2. On August 26, 1931, one Yost, of East Grand Forks, Minnesota, was arrested in Polk county, charged with the violation of federal prohibition laws. He retained respondent to conduct his defense. Yost turned over to respondent various sums of money at various times totaling over $1,400. One thousand dollars of that sum was to be held by respondent to indemnify sureties on recognizance bonds required by the court conditioned upon Yost's appearance at the preliminary hearing and at the trial. It was agreed that after the bonds had served their purpose the $1,000 should be deposited in a certain bank designated by Yost. Upon the recommendation of respondent, Yost pleaded guilty to the federal charge against him and was sentenced to three months in jail and fined $250. Respondent promised to pay the fine out of the moneys then in his possession and to deposit the balance as directed. The fine was not paid until Yost, his time of confinement having expired, telephoned respondent that he was being held in jail until the fine was paid. Because of respondent's failure promptly to pay the fine, Yost was held in jail a longer period than his sentence required. After deducting fees, expenses, and costs (including the fine), respondent still owes Yost a considerable sum, the exact amount of which the parties disagree upon, but the referee found that "it is inescapable that the respondent has at all times owed, and still owes, the said Yost $899.54 of money placed in his hands in trust."

Respondent expresses keen regret for his dereliction in duty. He announces his purpose in any event to make full restitution as soon as possible. This he should do, and we hope that he will. However, the proved charges are so serious that we cannot do other than disbar him.

Judgment will be forthwith entered disbarring the said W. J. Rasmussen as an attorney at law, and his name will be stricken from the roll of attorneys of this state.

LORING, JUSTICE, took no part.